When your case is called, please approach the podium and say your name and whom you represent. You will each have 20 minutes. The appellant should save a few minutes for rebuttal. We're not strict clock watchers. If you're going on too long, we'll ask you to wrap up. We have read your material very carefully, so I would advise you to get to your most important argument first. Please call the first case. Calvin Grigsby v. Grigsby, Associates v. O.R., Secretary of State This microphone is a recording device. It doesn't amplify, so keep your voice up. Steve Scalen, on behalf of Calvin Grigsby and Grigsby and Associates. Good afternoon. Assistant Attorney General Ann Mascaleras, for Defendant Appellee, the Illinois Secretary of State. Thank you. Whenever you're ready. Good afternoon. With your permission, I'd like to reserve 15 minutes of my time for rebuttal. I'm sorry, five minutes for rebuttal and 15 for my opening. Certainly, that's fine. Mr. Grigsby and his company, Grigsby. State your name again, because this time with the recording device, in the way it's recorded, we want to be sure which segment and who is speaking, so state your name. Sure. Steve Scalen, on behalf of Mr. Grigsby and Grigsby and Associates. Thank you. Mr. Grigsby, as the Court is aware, and his company, served as ISAC, the Illinois Student Assistance Commission's investment advisors, in connection with their ultimate investment in Shore Bank. Shore Bank failed, and the Secretary of State brought multiple securities fraud claims against Mr. Grigsby. They charged him with violating Section 12A, D, F, G, H, I, J, and K. At the two levels below, where there was actually evidence heard, and somebody took a look at this, there was the conclusion that there was no evidence. That's what the hearing officer said when he issued his recommendation, and that's what the circuit court concluded when he ruled for Mr. Grigsby on administrative review. Did he say no evidence or not sufficient? There was no evidence. Zero evidence. He said there was no evidence. That was his words. And I believe it's cited in our brief around page 18. He went further. He said this was an easy case. He said that portions of the case, including the conspiracy charges, were a pipe dream, and we believe that was unquestionably correct. To delve into the facts a little bit, ISAC had wanted to invest in Shore Bank before they even contacted Mr. Grigsby. They wanted to do so because it was a diversification of their asset pool, because it was a liquid, and because it was a small investment. It was going to be less than 1 percent of their investment. And they also wanted to pay Mr. Grigsby on a contingency fee basis. It wasn't the other way around. Mr. Grigsby didn't propose that, and that was known throughout the process. Mr. Scallon, the conduct that you're complaining of, when did that happen? In the trial court or in the administrative review process? Where did it happen? It occurred in the administrative review process, the filing of the charging documents, the continuation of the trial through a multi-day trial in the administrative review process, the post-trial briefing in the administrative hearing, and then we have sought and did seek in the alternative fees in the circuit court for what occurred. That was in the alternative. I believe and my office believes that Rule 137 sanctions requests are to be narrowly tailored. Nevertheless, that request was unquestionably, in my judgment, made in the alternative. Counsel, let me ask you. 137 applies to false pleadings, generally correct? 137C, it does. That's correct. Yeah. Yeah. Okay. So what pleadings are you looking at or referring to that were false or inaccurate or objectionably false in the case of statements? Sure. First of all, I think that under 137C, if we're properly here at all, because 137C talks about when you're looking at fees for the administrative level, it's an unreasonable statement or denial made without reasonable cause. And I believe that would be the charging document that was made in the administrative hearing. The initial charging document and the pleadings throughout, that case was continued. That's what continued that case through the hearing at the administrative level that was ultimately rejected by Judge Ellis. I'm sorry. Judge, please. So is that a judicial proceeding, what you just described? It's an administrative. I think it becomes a judicial proceeding once the administrative record is filed at a minimum. And I base that on a couple things. First, if you're going to say that 137C permits sanctions for things that occur at the administrative level, which it unquestionably does in certain instances. The express language of 137C is, and I think it's the Secretary of State's position, that you cannot award sanctions for things that occur at the administrative level unless you're also sanctioning things that occurred in the circuit court. So there's unquestionably a set of circumstances under Supreme Court Rule 137 where the circuit court can reach back in sanctioned conduct that occurred at the administrative hearing level. Can you get sanctions for strictly extrajudicial conduct? Say there was no sanctionable conduct that you're complaining of on the circuit court level. Are you able to get sanctions for extrajudicial conduct that's strictly within the four corners of being outside the judicial process? I believe you can. I believe 137C authorizes that. And I believe that for a couple different reasons. First of all, I think it's illogical that, let me start with the plain meaning argument. 137C says may include. It doesn't say you cannot issue sanctions for things that occur at the administrative level unless you're also sanctioning for conduct that occurred in a circuit court. And when you say things like a dinner may include dessert, that doesn't mean if you're eating dessert, there's a – it doesn't mean if you skip the dinner, there's a prohibition on dessert. There's no – there's no – the word may include is not limited in that fashion. What is the conduct for which you are seeking your loss? I mean, what – narrow it down as much as you can for me. The conduct for which we're seeking fees, having to proceed at the – at the administrative level and defend against a complaint and a pleading and a charge for which there was no evidence. There was – there was no evidence of the misconduct alleged. There was no evidence of the fraud. Some of these – some of these counts involved record-keeping claims. There was no portion or statement as to what the false record was or what the misstatement with respect to the record was. And it continued. And 137 cases, and I believe we've cited them, make clear that you can't continue a baseless proceeding. You have a duty to dismiss it. Counsel, are you saying every allegation that was made in the underlying proceeding was false? I believe every material allegation in the – there wasn't a – you know, the complaint – the underlying complaint in Fairness states Mr. Grigsby's name, and it gives some background as to who he was. But the sign-and-sure of the allegations, the fraud allegations, we believe there was no – no proof of any element of them. And you don't have to look to what we believe. I believe that's what the circuit court held in its merits decision, and I believe that's what the hearing officer concluded. And just looking at it, major, major corporations invested in the Shore Bank, right along with ISAC. Nobody testified that they felt duped or deceived or that they somehow were misled by Mr. Grigsby. There was ample testimony as to the work that was performed. They drafted an initial analysis. They interviewed employees at Shore Bank. They issued a request for documents, due diligence documents. They reviewed those documents along with ISAC's president, chief financial officer, inside corporate counsel in Dykema Gossett. And the results of their work was actually – you know, you can't look at this in hindsight. Their result was a 30 percent reduction in what the initial – what Shore Bank had initially wanted for the stock. And they also got preferred stock, which they gave up. If they hadn't given up that, ISAC wouldn't have suffered nearly the losses they did. So that's the record. Okay. After the administrative proceeding, wasn't there something that came out from the Secretary of State as well? The Secretary of State issued a – they overturned – sure. That's how it got – I'm sorry. That's how it got to administrative review. They issued a – what I believe was called a censure and fine. And it's found around the beginning of the record. And they found Mr. Grigsby guilty or liable for a Section 12a violation, which I don't even think it applies. It's too broad. And that's what brought the thing – that's what brought and allowed us to bring the matter before the court on administrative review. Counsel, what about the Venn's case? Isn't that a fairly important case to argue relative to whether or not 137 even applies here? Yes. How do you discount it? I think there's a couple things about that. First of all, I don't think it was correctly decided. And we've – I spelled out a series of reasons why. The first three is to just start with the statutory analysis. May include is not a prohibition throughout a range of cases and statutes. I don't believe saying – and the language in – I'm pointing to the language may include because that's the language in Rule 137c. Saying a sanction award may include fees for things that occurred at the administrative level, it strikes me as a stretch to take that and say, well, that means you cannot award sanctions unless you're also finding sanctionable conduct under 137a. So I believe that's not a correct, plain meaning of the statute. The second thing is I think there's two reasons why that's illogical. First of all, I don't think there's – you can – I don't think there's a reason to believe that the drafters of the rule intended to only penalize people for sanctionable conduct if it was touched in connection with additional sanctionable conduct. And the third reason I think is illogical is because if you look at the administrative claims procedure whereby a litigant could take this before the court of claims, there's two requirements that have to be met there. First one, and this is, I think, 5, 10, 55, 100. Anyway, it's in our briefs. There's two requirements to get the – Let me understand this. You're asking us to essentially overrule Benz? Is that what you're suggesting? I don't think you have to. I don't think you have to because I think Benz was properly decided on at least two additional bases. One is they found that Benz dealt with a legal argument, and the plaintiff in Benz had lost at every level. They lost – it was an adoption matter. They found it to be moot, the case to be moot because the foster child was doing well with the family it had been placed with. And the Benz court also found that this was a legal argument that the plaintiff was complaining of. So, respectfully, I don't think that Benz's decision, the ultimate decision in Benz, But I do think – I do think there are problems, substantial problems, with what Benz said in one paragraph about the dichotomy of Rule 137C and A. But if I can get back to the claims procedure for bringing a matter to the court of claims, it says that you cannot bring a case in the court of claims unless the matter didn't reach the circuit court and the circuit court doesn't have jurisdiction. Well, that means that in every scenario where the State gets the matter before the circuit court and doesn't arguably misbehave there, engage in some sanctionable conduct, a litigant like Mr. Grigsby is without redress. I don't think that's respectfully what was intended when you take a look at how 137C and A are to work together and how 137 is to be interpreted in light of the claims procedure for getting a matter before the court of claims. So can I ask you, what about Supreme Court Rule No. 1 that says these rules apply to the trial courts? Well, there's two things I'd say about that. One is if that were the end of the day, we couldn't ever get fees under C ever, but you know you can. So we know that there are certain instances in which the Supreme Court will expressly authorize fees for misconduct at the administrative level. When it's coupled with they would have to – Are you talking about 137C? Yeah, 137. Do you have a case on that? Which case? 137C, Benz's holding is that you can't get – you couldn't get fees at the – part of the holding was you can't get fees for things that occur at the administrative level because we're not also sanctioning conduct that occurred in the circuit court. But I think Justice Conner's question is a little different. Okay. I don't have a case that basically supports an award of fees for things that happen at the administrative level solely. I mean, I think that's what she's asking. Yes. Because that's what you're suggesting. And, you know, we would – if we – I'm sorry. Go ahead. Thank you. No, I didn't mean to – If we accept your premise, we have to write something that's coherent, that makes sense. And I think what Justice Conner's is asking you, do you have any case – do you have a case that supports that position? I think the – I think the Benz case supports the position that you can get fees in certain circumstances. At the beginning, I thought you said you thought Benz was wrongly decided. But the holding in Benz is that you can't get – or part of the holding that we're discussing in Benz is you can't get fees for things that occurred at the administrative level unless you're also getting fees for things that occurred in the circuit court level. And so under 137 – Mr. Scanlon, you're almost out of time, so – I will reserve. Okay. Thank you. Thank you. Good afternoon, and may it please the Court. Assistant Attorney General Anne Mascalaris on behalf of Defendant Dacoly, Illinois Secretary of State. The Benz decision from this Court that gave thorough consideration to this issue confirms that what plaintiffs sought here is not allowed by Rule 137C. That rule does not apply where a party seeks an award of sanctions by the circuit court based solely on allegations the state agency made during separate statutory administrative proceedings. Here, plaintiffs sought an award against the secretary and the attorney who represented the department during the administrative proceedings solely for contesting allegations made against them in the administrative notice of hearing at the administrative level. Plaintiff's sanctions motion was filed three years after the Benz case came out. This Court should follow Benz and the plain language of Rule 137 and affirm the circuit court's denial of plaintiff's request for sanctions. In order for the circuit court, in its discretion, to sanction separate statutory agency-level conduct, it first must award sanctions or expenses under Rule 137A, which award is again within its discretion, for frivolous court filings. Once a sanctions award is imposed for circuit court filings, then the court may include in that award for expenses an award for agency-level allegations or denials made without reasonable cause and found to be untrue. This reading of the rule comports with its plain language and follows Benz, and the rule is written this way and should be read this way, I believe, in order to avoid a potential separation of powers problem. Counsel, the hearing officer rejected the allegations and found for Grigsby, right? In a recommended decision, correct. And essentially found that the allegations were baseless. So if you take that to its logical conclusion, doesn't that suggest that there was a wrong or something – there was a wrong done to Grigsby in some way? And, you know, is there a remedy for that, for the wrong? What's the remedy? If we assume that a wrong was done to Grigsby, is there a remedy for that wrong? So first of all, I don't think what the hearing officer in the recommended decision found was that the allegations were baseless. I think after the five-day administrative hearing, what the hearing officer recommended was that the charges brought by the agency weren't proven. The secretary disagreed, and then the final administrative decision concluded that there was a violation of one section of the act. And there is a remedy for that. They sought it, and they won. And that's statutory judicial review of the final administrative decision. Here, what we're talking about is what's required by the plain language of Rule 137. Rule 137C does allow an award in the circuit court's discretion, an award of expenses. But it first must include an award for filings at the circuit court level. Plaintiffs' reading of the statute reads out words of Section 137C, including the word include and the notation of an award for expenses, which is a plain reference to a precursor to Rule 137A, award for expenses or sanctions for frivolous court filings. Again, the entirety of Rule 137 and its placement within the Supreme Court rules governing civil proceedings in the circuit courts requires a link to misconduct in the circuit court for frivolous filings that the circuit court in its discretion sanctions before awarding sanctions for agency-level conduct during separate statutory administrative proceedings. Here, during the proceedings on the sanctions motion, plaintiffs never identified, alleged, or detailed any problematic filings or documents by the Secretary or its counsel representing him during the circuit court proceedings upon which to base an award of Rule 137A sanctions. And the circuit court in its order and comments on the record noted that in its ruling, noted that in its ruling and never in its discretion made a Rule 137A award, which is a necessary predicate to an award for separate statutory agency-level conduct. Benz confirms all of these points. Benz concluded that Rule 137C doesn't provide a vehicle for a sanction order that is independent of the proceedings in the trial court, but the provision allows that a sanction order for an improper court filing may also include expenses incurred at the administrative level if those two prongs of 137C are met and found by the circuit court. It is true that Benz also reached an additional conclusion as to what allegations or denials at the administrative level are, meaning factual allegations, and that there, because someone was requesting sanction based on illegally erroneous arguments at the administrative level, that that was a further basis to affirm the denial of the sanctions award. Now, Rule 137C is written and should be read to avoid a potential constitutional separation of powers problem. The Illinois Supreme Court, of course, has primary constitutional authority to govern and regulate circuit court proceedings, and it does this through its rulemaking, including Rule 137. It does not have constitutional authority over separate agency-level administrative actions that are governed by statute enacted by the General Assembly. Indeed, courts can review agency decisions when authorized by statute, but there is no constitutional provision requiring judicial review of final administrative decisions. As part of its rulemaking authority governing circuit court proceedings, the Illinois Supreme Court has allowed circuit courts within their discretion to sanction circuit court-level conduct for frivolous filings. The Illinois Supreme Court then allowed circuit courts at first deciding to sanction court-level conduct. The discretion also to sanction agency-level conduct if Rule 137C's two standards are met as found by the circuit court. So the reasonableness of this reading and this line in the sand, perhaps avoiding a separation of powers problem, is that there must be misconduct at the circuit court level that the circuit court has within its discretion sanctioned that attaches to and links with the administrative proceedings. That's why it might be okay for a court to sanction specified agency-level conduct or misconduct at all, that there must first be an attachment to frivolous court-level filings that would be sanctioned first. And to address a question that came up in the appellant's opening argument, whether you can get sanctions for extrajudicial conduct, the answer is yes. There are two avenues. One is Rule 137C, but there are precursor awards that have to be met and findings that have to be made. And plaintiffs attempted, through their sanctions motion, attempted to use that avenue to sanction agency-level conduct, but their request wasn't narrow enough. They didn't allege any misconduct by the circuit court attorney, nor did the court find any. The second place one can go is pursuant to the Administrative Procedure Act, Section 1055. Once a complainant makes a claim with the agency directly for expenses or fees, and that's denied in whole or in part, that statutory section directs the complainant to go to the court of claims and file a claim for expenses against the agency in that venue, which, again, plaintiffs have done and have pending an action in the court of claims, proceedings which have been stayed pending resolution of this matter. 1055A provides that in any contested case initiated by an agency that does not proceed to the court for judicial review and on any issue that a court doesn't have jurisdiction, that the court has the discretion to file a claim for expenses against the agency.  Section 1055, which is a statutory provision referencing the precursor to Rule 137, which was 2611 of the Civil Practice Law, can be an award for expenses against the agency. Again, plaintiffs sought relief in the court of claims to the extent that the construction of that statutory provision is at issue. That's at issue in those proceedings that the court of claims would construe, that arguments would be made there, and any proceedings resulting from that determination on that point, but the construction of that statute is not before this Court. Can I ask you for one second? Yes. I don't recall, and shame on me. I should recall. Did you make the constitutional argument in your brief? No, but since counsel raised what the purpose is, to me that's not – it's a reason why the Supreme Court wrote the rule as it did. I think it's written that way to avoid this separation of powers problem that might occur if it were read to authorize a court to just sanction agency-level conduct without any linkage to circuit court proceedings. And for us to overrule Venn's would allow this kind of 137 proceeding to happen in every administrative proceeding? I think so. Okay. Yes, that's correct. If the court has no further questions, I would ask that – Peter, my colleagues, do you have any questions? No. I would ask that the court affirm the circuit court's judgment. Thank you. Thank you. Mr. Scallan. Let me first address the separation of powers issue. A brief rebuttal, Mr. Scallan, because you used up some of your time already. I understand. In terms of separation of powers problem, if there's a problem, it exists for any kind of conduct at the administrative level of sanctions. There's no – either you can reach – either a circuit court can reach that conduct or it can't. And Section C plainly allows it to reach that conduct under certain circumstances. We believe it's broader than what the Secretary of State's claiming. So they're pointing to Section B and Supreme Court Rule 1 to the extent there is a problem. It certainly doesn't solve it. In terms of – Counsel, it may appear that the Benz case in interpreting 134A – I mean 137A is contrary to the express reading of 137C. Thank you. It seems to bolster your argument. But if Benz has decided otherwise, and are we limited to Benz? No. Or is Benz so wrong that we have to reverse it? Well, I think it's so wrong you have to reverse it in the sense that the plain meaning rule comes from Supreme Court cases which are – go beyond a single case by this court. I would also point out, and it's an unpublished decision, but there is a case by the Fifth Circuit that took a look at – didn't follow Benz, found another way to affirm. But Benz is hardly what we call – they argued stare decisis in their brief. Benz is hardly settled law. It is one case on this issue. It was, frankly, an easy case. It didn't need to be decided on this issue. I think there was no way the conduct in Benz warranted, in my judgment, sanctions. The party proceeding or seeking sanctions lost. Mr. Grigsby won. And if he doesn't have redress here, we can make – we can talk about what can be done in the court of claims, but the reality is the court of claims has two prongs to that. It's the matter can't have reached the circuit court. That's one of the prongs. This matter did reach the circuit court. So you've got an untenable position where you've got someone who respectfully was aggrieved, complained, was charged, charged by the Secretary of State for years and years with conduct that was baseless,  And I think the court can take that in mind, too, when it considers what the scope of 137C is supposed to be and how we're going to read that in connection with the requirements to get before the court of claims. Because it seems to me that the drafters of this had in mind a remedy for this wrong. Kagan. Yes, Your Honor. Counsel, so administrative proceedings, you're saying there's no recourse whatsoever if everything, every allegation is false? I don't believe. If they're correct, and they've stated that. It's in the record here. They're correct that we can't get to the court of claims unless the circuit court doesn't have jurisdiction and it didn't reach the circuit court level. If that and means that both those criteria have to be met, we lose. We don't have, we don't have, we can't bring a claim there. Mr. Grigsby doesn't have a malicious prosecution claim because he doesn't have a special injury. And there's various other bars to other sorts of actions that he would have. So, yes. Can't there be an amendment to administrative procedures or rules to accomplish this? I don't believe so, Judge. This is it. Well, it could be made is not what I'm saying. A change could be made if needed. A change could be made to the, I mean, the procedures for getting before the court of claims, I suppose, could be amended. But I think, I think you're, I think we're supposed to read these rules in connection with the Illinois Constitution. They're supposed to be a remedy. And I think we're supposed to, supposed to read them in a way that doesn't create constitutional problems such as that. Thank you. Thank you, Mr. Scala. Thank you, Ms. Mascaleras. This matter will be taken under advisory.